IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LORI LYNN MCVICKER,                         Civ. No. 6:11-cv-06288-AA

           Plaintiff,                            OPINION AND ORDER

       v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

           Defendant.

_____

Alan Stuart Graf
Alan Stuart Graf, P.C.
316 Second Rd.
Summertown, TN 38483
      Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, Oregon 97204

Kathy Reif
Social Security Administration
701 Fifth Ave., Suite 2900
M/S 221A
Seattle, WA 98104
      Attorneys for defendant


1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Lori L. McVicker brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner denied plaintiff's application for Title II disability insurance benefits (DIB) and Title XVI supplemental security income (SSI) disability benefits under the Act. For the reasons set forth below, the case is reversed and remanded for further administrative proceedings.

**BACKGROUND**

On April 1, 2008, plaintiff filed applications for DIB and SSI, and they were denied initially and on reconsideration. Tr. 59-67, 76-82, 143-148. After requesting a hearing, plaintiff, an impartial medical expert, and an impartial vocational expert appeared and testified before an administrative law judge (ALJ) on January 28, 2010. Tr. 8-11. On March 2, 2010, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act. Tr. 15-22. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. Tr. 1. Plaintiff now seeks judicial review. 42 U.S.C. § 405(g).

Plaintiff was 46 years old at the alleged disability onset date, with a high school education and past relevant work as a

waitress, cashier, convenience store clerk, and fast food worker. Tr. 20-21. In both applications, plaintiff alleges disability since March 11, 2008 due to osteoarthritis, neck surgery, and low back pain. Tr. 15, 18.

### STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, but any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971; Cequerra v. Sec. of Health and Human Services, 933 F.2d 735, 738 (9th Cir. 1991).

However, even "where findings are supported by substantial evidence, a decision should be set aside if the proper legal standards were not applied in weighing the evidence in making the decision." Flake v. Gardener, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a sequential process of up to five steps for determining whether a person is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability.  Tr. 17; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the ALJ found that plaintiff has had medically determinable severe impairments since 1999. Tr. 17; 20 C.F.R. §§ 404.1520(c), 416.920(c).  Specifically, the ALJ found that plaintiff has a combination of: osteoarthritis of the joints and history of neck surgery. Tr. 17.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 17-18; 20 C.F.R. §§ 404.1520(d), 416.920(d).

At step four, the Commissioner determines whether the claimant can still perform "past relevant work."  20 C.F.R. §§ 404.1520(f), 416.920(f). Here, ALJ found that plaintiff retained the Residual Functional Capacity to perform light work, except that plaintiff cannot perform repetitive twisting of the neck and can reach and handle with the hands for only one third of the day. 20 C.F.R. §§ 404.1520(e), 416.920(e); Tr. 18.   The ALJ found that plaintiff could not perform her past work, and the inquiry proceeded to step five.  Tr. 20.

At step five, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experience.  Yuckert, 482 U.S. at

141-142; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098-89 (9th Cir. 1999); 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). Relying on the testimony of the vocational expert (VE), the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy, including bakery worker, laminating machine operator, and a surveillance system monitor. Tr. 21; 20 C.F.R. §§ 404.1520(g), 416.920(g).

Accordingly, the ALJ found plaintiff not disabled within the meaning of the Act. Tr. 21.

## DISCUSSION

## A. Plaintiff's Allegations of Error

Plaintiff asserts that the Commissioner's decision should be reversed and remanded for the payment of benefits. Plaintiff argues that the ALJ erred in finding her subjective complaints of pain not credible and failing to consider the testimony of two lay witnesses, Carmen Thomas and Karen Joyner. The Commissioner concedes that the ALJ erred in rejecting the lay witnesses' testimony, but argues that the error was harmless in light of the proper credibility finding by the ALJ. Plaintiff, on the other hand, argues that if her complaints and the lay witness statements are credited as true, she has established disability under the Act.

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to discount her allegations of pain. An ALJ

"is not required to believe every allegation of disabling pain or other non-exertional impairment." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citations omitted). Nonetheless, "if there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the plaintiff was malingering, the [ALJ]'s reason for rejecting the [plaintiff's] testimony must be clear and convincing and supported by specific findings." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ must identify what evidence is not credible and what evidence undermines the claimant's complaints. Id. General findings are impermissible. Id.

In this instance, no issue exists with respect to plaintiff's underlying impairments. The issue is whether the ALJ provided the necessary reasons, supported by the record, to reject plaintiff's credibility as to the severity of pain and its limiting effects. Plaintiff contends that the ALJ failed to meet this standard, because the ALJ's primary reason for rejecting plaintiff's testimony was the lack of supporting medical evidence.

While an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th

examinations have not evidenced deterioration and physicians noted she responded well to medication. Id.

The ALJ concluded that plaintiff is not precluded from performing all work related activities, and plaintiff's limitations, including her subjective complaints of pain. Tr. 20. The ALJ found that "medical expert testimony supports this assessment," and that "the determination of the state agency medical consultants that the claimant's condition is not severe enough to be considered disabling under Social Security definitions further supports this assessment." Id.

I find that the ALJ did not give legally sufficient reasons to discount plaintiff's complaints. Because the ALJ found that "claimant's medically determinable impairments [osteoarthritis of the joints and history of neck surgery] could reasonably be expected to cause the alleged symptoms," the ALJ cannot rely on lack of objective medical evidence to disregard the severity of plaintiff's pain. Tr. 17; Smolen, 80 F.3d at 1281. Moreover, the ALJ's statements that "medical expert testimony" and "the determination of the state agency medical consultants" support the finding of non-disability are too general and insufficient. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). The ALJ did not cite to evidence in the medical record to support these findings or explain how the evidence discounts plaintiff's complaints.

Granted, the Commissioner provides several bases to uphold the ALJ's decision. Def's Brief at 4-10 (Doc. 18). However, the ALJ did not provide these specific reasons, and the Commissioner may not provide post hoc rationale for the ALJ's decision. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009). Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999) ("[I]n dealing with a determination or judgment which an administrative agency alone is authorized to make, [courts] must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis").

Consequently, I cannot determine what evidence the ALJ relied on in support of his findings, and I must find that the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's testimony. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot engage in independent fact-finding but is "constrained to review the reasons the ALJ asserts"); Dodrill, 12 F.3d at 918 ("It's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible.").

B. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.   Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000).   Remand is appropriate where further proceedings would resolve defects in the administrative proceedings.   However, where new proceedings would simply serve to delay the receipt of benefits and would not add to the existing findings, an award of benefits is appropriate.   McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

Accordingly, improperly rejected evidence should be credited and an immediate award of benefits directed where:

> "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."

Harman, 211 F.3d at 1178 (quoting Smolen, 80 F.3d at 1292).

As the Commissioner concedes, the ALJ committed legal error by failing to consider the lay testimony of Carmen Thomas and Karen Joyner.   Smolen, 80 F.3d at 1288-89; Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993) (ALJ must give reasons germane to each lay witness).   Further, as discussed above, I find that the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's testimony.   Smolen, 80 F.3d at 1284.

However, I do not find that plaintiff's testimony and the lay witnesses' testimony must be credited as true absent further clarification.    Connett, 340 F.3d at 876 ("These opinions establish that we are not required to enter an award of benefits upon reversing the district court. Instead of being a mandatory rule, we have some flexibility in applying the 'crediting as true' theory.").    Although the ALJ failed to provide adequate reasons to reject plaintiff's testimony, plaintiff's allegations of disabling pain are not altogether consistent with the medical evidence of record, including evidence of a lower level of arthalgias than plaintiff reports, and the possibilities that plaintiff's condition did not worsen over time, and was adequately managed by medication. Tr. 20, 258, 277, 279-283, 291, 304. Further, it remains unclear whether plaintiff was financially capable of seeking treatment for reported pain, given her efforts to seek care for other reasons. See Tr. 277, 280, 281.

In sum, outstanding issues must be resolved before a disability determination can be made.    Plaintiff's testimony and the lay witness testimony must be evaluated under the proper legal standards enunciated in Smolen and Dodrill.

### CONCLUSION

For the foregoing reasons, the ALJ's finding that plaintiff was not disabled under the Act is not supported by substantial

12 - OPINION AND ORDER

evidence in the record. Accordingly, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 11th day of October, 2012.

_____
Ann Aiken
United States District Judge

13 - OPINION AND ORDER